```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
              -v-                      :     18 Cr. 06 (DLC)
                                       :
ERNESTO LOPEZ,                         :        ORDER
                                       :
                   Defendant.          :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On February 21, 2019, Ernesto Lopez was convicted by a jury of distribution of oxycodone and fentanyl outside the scope of professional practice and not for a legitimate medical purpose, and conspiracy to distribute and possess with intent to distribute oxycodone and fentanyl outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C).  On July 2, this Court sentenced Lopez to a below-guidelines sentence of 60 months' imprisonment.  He is serving that sentence at Federal Medical Center-Rochester ("FMC-Rochester").  He is seventy-seven years old and the Bureau of Prisons ("BOP") projects that he will be released on October 20, 2023.

On August 14, 2020, Lopez made a request of his warden for compassionate release.  The warden approved his request on September 3, but Lopez was not notified of the approval until

October 15.  On September 16, Lopez, proceeding pro se, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and requested the appointment of counsel.[1]  After receiving a financial affidavit from Lopez supporting his eligibility for assigned counsel, this Court appointed counsel for Lopez on October 26.  Lopez's appointed counsel filed a request for his release on December 4.  On December 10, the Assistant Director of the BOP denied Lopez's administrative request for compassionate release.  The Government filed its opposition to Lopez's motion on December 21.

The Government does not dispute that Lopez has exhausted his administrative remedies.  Upon exhaustion of administrative remedies, the Court may reduce the petitioner's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  In evaluating a request for a reduction, the Court must consider the sentencing factors set forth at 18 U.S.C. § 3553.  The Court of Appeals for the Second Circuit has explained that, under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, district courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and

---

[1] The September 16 petition was received and docketed by this Chambers on September 23.

2

compelling." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).

Lopez's petition is denied, as he has not demonstrated that extraordinary and compelling circumstances exist or that the § 3553(a) factors warrant early release.

Lopez's petition is based primarily on his advanced age and underlying medical conditions.  Lopez is seventy-seven years old and suffers from several chronic medical conditions, including Type II diabetes, chronic kidney disease, coronary artery disease, hypertension, and asthma.  Lopez and the Government agree that at least some of these conditions increase Lopez's risk of severe illness from COVID-19 and diminish Lopez's ability to provide self-care against COVID-19 in the context of a correctional facility.  See U.S.S.G. § 1B1.13 cmt. 1(A)(ii)(I).

Nevertheless, these conditions are not extraordinary and compelling circumstances warranting early release.  While Lopez suffers from several chronic medical conditions, they are stable, and Lopez can independently accomplish the tasks of daily living.  Moreover, the BOP is prioritizing higher-risk inmates such as Lopez for vaccination against COVID-19.  See Michael Balsamo, Reversing course, feds say some US inmates get virus vaccine, AP News (December 22, 2020),

https://apnews.com/article/coronavirus-pandemic-prisons-d2c1a3013351ed42cf75a194e4661cf3.

Further, the § 3553(a) factors weigh against release.  The gravity of Lopez's crime was extreme.  As this Court noted at Lopez's sentencing, Lopez abused his medical license to supply drug addicts with narcotics.  This Court found that Lopez obstructed justice during the investigation into his conduct and that, at trial, Lopez committed perjury.  The severity of this conduct warranted a significant prison sentence, and Lopez's guidelines range was 188 to 235 months' imprisonment.  Nevertheless, Lopez was given a below-guidelines sentence of 60 months.  Lopez has not shown that the § 3553(a) factors call for a further reduction of sentence.  Accordingly, it is hereby

ORDERED that the September 16 petition for compassionate release pursuant to § 3582(c)(1)(A) is denied.

SO ORDERED:

Dated:    New York, New York
          January 7, 2020

_____
DENISE COTE
United States District Judge

4